FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 19, 2026

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CARYL DANITA CARBY,<br><br>                    Plaintiff,<br><br>     v.<br><br>BARACK HUSSEIN OBAMA,<br>GOVERNMENT OF NIGERIA,<br><br>                    Defendant. | NO. 2:26-CV-0142-TOR<br><br>ORDER DISMISSING COMPLAINT |

BEFORE THE COURT is Plaintiff's Complaint. ECF No. 1. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, all claims asserted by Plaintiff are **DISMISSED with prejudice**.

## BACKGROUND

Plaintiff filed this action on March 27, 2026, against Defendant Barrack

ORDER DISMISSING COMPLAINT ~ 1

Hussein Obama and the Government of Nigeria.  Plaintiff seeks $800,000,000,000.00 in damages.  The Complaint appears to allege among other things that Defendants broke into Plaintiff's home in Florida and installed surveillance equipment and have defamed Plaintiff to the public.

Plaintiff previously filed an application to proceed *in forma pauperis* which was denied with leave to renew or pay the full filing fee within 30 days.  ECF No. 4.  For the reasons discussed below, the Court concludes that a renewed application would be futile and dismisses Plaintiff's Complaint.

**DISCUSSION**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."

A complaint fails to state a claim upon which relief may be granted if it lacks a cognizable legal theory or lacks sufficient facts to support a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990).  Plaintiff's Complaint lacks sufficient facts to support a cognizable legal theory against Defendants.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the

ORDER DISMISSING COMPLAINT ~ 2

Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle [her] to relief." *Id*. "In making this determination, the Court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff." *Id*. Mere legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Court construes a *pro se* plaintiff's pleadings liberally, affording the plaintiff the benefit of any doubt. *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quotations and citation omitted).

The Court finds that Plaintiff has failed to state facts which "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## OPPORTUNITY TO AMEND

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend her complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute*, 28

ORDER DISMISSING COMPLAINT ~ 3

U.S.C. § 1915(e)(2), *as recognized in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The Court finds that it is absolutely clear that no amendment will cure the deficiencies in Plaintiff's Complaint. Therefore, the Court dismisses Plaintiff's Complaint with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** with prejudice.

2. Any pending motions are **DENIED as moot**.

The District Court Executive is directed to enter this Order and Judgment accordingly, forward copies to Plaintiff, and **CLOSE** the file.

DATED May 19, 2026.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING COMPLAINT ~ 4